ACCEPTED
14-14-00511-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/17/2015 2:50:45 PM
CHRISTOPHER PRINE
CLERK

**No. 14-14-00551-CR**

In the

**COURT OF APPEALS**

For the

**FOURTEENTH JUDICIAL DISTRICT**

At Houston

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/17/2015 2:50:45 PM
CHRISTOPHER A. PRINE
Clerk

APPEAL IN No. 10-CCR-152210
County Court at Law Number Three
of Fort Bend County, Texas

**CATHY BROCKHAUS PARADOSKI**
*Appellant*

*v*

**THE STATE OF TEXAS**
*Appellee*

**STATE'S SUPPLEMENTAL LETTER BRIEF**

**COMES NOW**, the State of Texas, by and through the Fort Bend County District Attorney, John F. Healey, and the undersigned attorney, and files this, the State's Supplemental Letter Brief. The State would show the following:

I.

The State filed its brief on April 6, 2015. This case was set for submission with oral argument on June 16, 2014, and oral argument took place on that day, the day before the date of the filing of this Brief.

II.

The State tenders this post-submission letter brief in the instant case to respond to questions posed by the Honorable Justices of this Court during oral argument.

Specifically, the Justices' questioning during oral implicated the issue of whether a verdict based on deductive reasoning by the jurors to determine whether a defendant was intoxicated by reason of drugs could be legally sufficient.

The State's evidence in support of a finding of intoxication by drugs at the time of driving consisted of testimony by the police officer, an emergency room doctor who treated Appellant, an emergency room nurse who treated Appellant, and the toxicologist who tested Appellant's blood. There was no specific testimony by a State's witness explicitly stating that in their opinion the specific drugs found to be in Appellant's system in the blood test were the cause of Appellant's intoxication at the time of driving. The jury had to make a logical leap based on her behavior, the opinion of the officer, the doctor, and the nurse that Appellant was intoxicated when they saw her, and the toxicologist's testimony regarding the presence of drugs and that they could be intoxicating, that Appellant was intoxicated by these particular drugs at the time of driving.

The Justices' questions implicated the issue of whether such a legally sufficient verdict could be based on the jury's logical deductions based on circumstantial evidence as in this case. The State would like to point the Court to the persuasive authority contained in *Weems v. State*, 328 S.W.3d 172, 178 (Tex. App.—Eastland 2010, no pet.) wherein the Eastland Court of Appeals held that, based on very similar testimony, "the jury could reasonably have concluded that appellant operated the pickup in a public place while not having the normal use of his physical or mental faculties by reason of the introduction of methamphetamine or marihuana into his body." This authority, while persuasive rather than controlling, addresses the Justices' questions in some greater detail in a factually similar setting.

The opinion in *Weems* reflects that there was testimony regarding unusual behavior by the appellant at the scene, a positive drug test for methamphetamine and marihuana, and testimony the doctor who examined appellant who diagnosed him with "substance abuse." This testimony was held to be legally sufficient, and by extension, that a jury could rationally have convicted the defendant based on the circumstantial evidence present in that case, which was very similar to this one.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Appellee, The State of Texas prays that this Court consider this supplemental letter brief and ultimately affirm the judgment and sentence in all things, and order the execution of the judgment and sentence in accordance with the opinion of this Court.

Respectfully submitted,

**John F. Healey, Jr.**

 /s/ Jason Bennyhoff
**Jason Bennyhoff**
Assistant District Attorney
Fort Bend County, Texas
S.B.O.T. No. 24050277
301 Jackson Street Room 101
Richmond, Texas 77469
281-341-4460 (office)
281-341-8638 (fax)

## CERTIFICATE OF SERVICE

I, Jason Bennyhoff, do hereby certify that a true and correct copy of the foregoing Brief was sent to counsel for the Appellant on June 17, 2015, via email by way of electronic service through EFile Texas at the email address below.

T. Brent Mayr
bmayr@bmayrlaw.com
Counsel for Appellant

/s/ Jason Bennyhoff
Jason Bennyhoff

**Certificate of Compliance with Texas Rule of Appellate Procedure 9.4(i)(3)**
In accordance with Texas Rule of Appellate Procedure 9.4(i)(3), I, Jason Bennyhoff, hereby certify that the foregoing electronically created document has been reviewed by the word count function of the creating computer program, and has been found to be in compliance with the requisite word count requirement in that its word count in its entirety is 737 words.

/s/Jason Bennyhoff

Jason Bennyhoff